UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. GERALD S. BERENSON | CIVIL ACTION |
| VERSUS | NO. 17-329 |
| THE ADMINISTRATORS OF THE TULANE UNIVERSITY EDUCATIONAL FUND | SECTION "R" (2) |

## ORDER AND REASONS

Defendant, the Administrators of the Tulane Educational Fund,[1] ("Tulane") moves to dismiss in part plaintiff's complaint.[2] For the following reasons, the Court grants the motion.

### I. BACKGROUND

#### A. Factual Background

Plaintiff Dr. Gerald Berenson is a 94 year-old medical doctor, scientist and professor.[3] Berenson joined the faculty of Louisiana State University (LSU) in or about 1954.[4] Berenson began working at Tulane University in

---

[1] Defendant was incorrectly designated as "The Administrators of the Tulane University Educational Fund." *See* R. Doc. 1.
[2] R. Doc. 9.
[3] R. Doc. 13 at 2 ¶ 4.
[4] *Id.* at 2 ¶ 6.

1991.[5] According to his complaint, Berenson founded, led and directed the Bogalusa Heart Study while a faculty member at LSU and Tulane.[6]

Berenson alleges that in 2014, Tulane substantially cut his salary without notice or justification and discontinued benefits provided by Tulane to him and his wife.[7] Berenson also alleges that Tulane removed him from his role as an investigator on several grants without legitimate basis.[8] On or about June 30, 2016, Tulane terminated Berenson's employment as a Research Professor in the Department of Epidemiology of Tulane's School of Public Health and Tropical Medicine.[9]

Berenson alleges that Tulane, through Department of Epidemiology Dean Pierre Buekens and Chairman of Epidemiology Dr. Jiang He, acted unilaterally to diminish Berenson's involvement and role in the Bogalusa Heart Study.[10] Tulane formed a "Steering Committee" chaired and controlled by Dr. Lydia Bazanno.[11] According to the complaint, Tulane used the Steering Committee to control virtually all aspects of the Bogalusa Heart Study, including Berenson's access to research data, materials, and

---

[5] *Id.* at 3 ¶ 7.
[6] *Id.* at 3 ¶ 9.
[7] *Id.* at 5 ¶ 15.
[8] *Id.* at 4-5 ¶ 14-15.
[9] R. Doc. 13 at 6 ¶ 18.
[10] *Id.* at 5 ¶ 16.
[11] *Id.*

specimens.[12] Berenson contends that Tulane's use of the Steering Committee to control the Bogalusa Heart Study violated applicable law, grant conditions, NIH requirements and regulations, and Berenson's agreements with Tulane.[13]

Tulane also allegedly distributed letters to Berenson's colleagues and collaborators notifying them of the Steering Committee's formation and of its control of the Bogalusa Heart Study.[14] Berenson contends that these letters implied that he had done something wrong and caused damage to his reputation and standing.[15]

According to the complaint, Tulane has denied Berenson access to grant funds, the Bogalusa Heart Study and other research data, materials and specimens needed to carry out his work.[16] Berenson alleges that younger employees of Tulane in similar positions have not been denied such access.[17] Berenson further alleges that Tulane has improperly asserted control over data, specimens, and materials generated through grants originated and carried out by LSU.[18]

---

[12] *Id.*
[13] *Id.* at 5 ¶ 16.
[14] *Id.* at 5-6 ¶ 17.
[15] R. Doc. 13 at 6 ¶ 17.
[16] *Id.* at 6 ¶ 18.
[17] *Id.*
[18] *Id.* at 7 ¶ 22.

## B. Procedural Background

Berenson initially filed a petition in state court in September 2016, asserting claims for breach of contract, age discrimination in violation of the Louisiana law, interference with employment, and damage to reputation.[19] Berenson also requested a declaratory judgment that Tulane has no legal right to control Bogalusa Heart Study data, materials, or specimens; or alternatively, that Tulane has no legal right to control Bogalusa Heart Study data generated or collected during Berenson's time at LSU.[20] Finally, Berenson sought a judgment declaring that he is entitled to access all Bogalusa Heart Study related data in connection with his employment with LSU and Tulane.[21]

Tulane filed peremptory exceptions of no right of action to dismiss Berenson's state law claims for age discrimination, interference with employment, damage to reputation, and declaratory relief.[22] The state court dismissed Berenson's state law age discrimination claim with prejudice on the basis that Tulane is not an "employer" under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*[23] The state court also dismissed

---

19 R. Doc. 1-4 at 1-8.
20 *Id.* at 11-12.
21 *Id.* at 12.
22 *Id.* at 18.
23 R. Doc. 1-18 at 86.

Berenson's defamation claim, with leave to amend the claim within forty five days.[24]

The state court denied Tulane's peremptory exception to dismiss Berenson's claims of tortious interference with an employment contract, tortious interference with business relations, and tortious interference with an economic advantage.[25] The court also denied Tulane's peremptory exception to dismiss Berenson's claim for declaratory relief.[26]

On November 21, 2016, Berenson received a "right to sue" letter from the U.S. Equal Employment Opportunity Commission authorizing him to file claims against Tulane pursuant to the federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et. seq.*[27] On December 14, 2016, Berenson filed a First Amended Petition in state court adding ADEA age discrimination claims against Tulane.[28]

On January 12, 2017, Tulane removed the case to this Court.[29] On February 9, 2017, Tulane filed a motion to dismiss in part Berenson's First Amended Petition under Federal Rule of Civil Procedure 12(b)(6).[30] On the

---

[24] *Id.* at 87.
[25] *Id.* at 87.
[26] *Id.* at 87.
[27] R. Doc. 1-1 at 20.
[28] R. Doc. 1-1.
[29] R. Doc. 1 at 1-4.
[30] R. Doc. 9.

same day, Berenson filed an unopposed motion for leave to file a Second Amended Complaint.[31] The Court granted the motion.[32] In his Second Amended Complaint, Berenson asserts claims against Tulane for breach of contract, age discrimination in violation of both Louisiana law and the ADEA, interference with employment, and defamation.[33] Berenson also seeks declaratory relief.[34]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

---

[31]   R. Doc. 10.
[32]   R. Doc. 12.
[33]   R. Doc. 13.
[34]   *Id.*

6

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

Tulane moves to dismiss Berenson's state law claims of age discrimination, defamation, and tortious interference with employment contract.[35] Tulane also contends that Berenson is not entitled to punitive damages on his state law claims and is not entitled to either punitive or general damages under the ADEA.[36]

---

[35] R. Doc. 9-1.
[36] R. Doc. 9-1.

Tulane's motion to dismiss is directed at Berenson's First Amended Petition.[37] Berenson has since filed, with Tulane's consent and leave of the Court, a Second Amended Complaint.[38] The Second Amended Complaint includes few substantive changes to the majority of the claims challenged by Tulane in this motion. The Court will therefore consider Tulane's motion to dismiss in relation to Berenson's most recent amended complaint. *See Nguyen v. Hung Do*, No. 13-2537, 2013 WL 6665722, at *1-2 (E.D. La. Dec. 16, 2013) (motion to dismiss is not made moot by filing of amended complaint); 6 Wright & Miller, *Federal Practice and Procedure* § 1476 (3d. ed. 2017) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. . . . [T]he court simply may consider the motion as being addressed to the amended pleading."). The Court considers the arguments in Tulane's motion to dismiss in turn.

### A. Age Discrimination Under Louisiana Law

The state court dismissed Berenson's state law age discrimination claim with prejudice on the grounds that Tulane is not an employer under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*[39]

---

[37] R. Doc. 9.
[38] R. Doc. 13.
[39] R. Doc. 1-18 at 86.

The Louisiana Employment Discrimination Law does not apply to private educational or religious institutions or nonprofit corporations. La. R.S. 23:302(2)(b). Berenson concedes that his state law age discrimination claim was dismissed without leave to amend, but he states that he wishes to reserve his right to appeal.[40]

It is a "well-established principle that 'when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court.'" *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985) (citing *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937). A plaintiff does "not waive his right to appeal the order dismissing his claim . . . by filing an amended complaint which fail[s] to make reference to that alleged cause of action." *Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1237 (5th Cir. 1978), *judgment vacated on other grounds,* 444 U.S. 959 (1979). Berenson did not have leave to amend his complaint to re-plead a state law age discrimination claim, and the Court dismisses this claim.

### B. Defamation

Tulane also moves to dismiss Berenson's claim for defamation.[41] The state court dismissed Berenson's defamation claim with leave to amend.[42]

---

[40] R. Doc. 17 at 9-10.
[41] R. Doc. 9 at 6-7.
[42] R. Doc. 1-18 at 87.

Berenson contends that his complaint has since been amended to state a cause of action for defamation.[43]

While Berenson's Second Amended Complaint is somewhat more specific than his original petition, the amended complaint still fails to state a claim for defamation. Under Louisiana law, "[i]n order to prevail in a defamation action, a plaintiff must necessarily prove four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Fitzgerald v. Tucker,* 737 So.2d 706, 715 (La. 1999). "In other words, a plaintiff must prove 'that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.'" *Id.* (quoting *Trentecosta v. Beck,* 703 So.2d 552, 559 (La. 1997).

In both his original petition and his Second Amended Complaint, Berenson alleges that Tulane injured his reputation by sending out letters to colleagues and collaborators notifying them that the Steering Committee had taken over control of the Bogalusa Heart Study.[44] Berenson contends that

---

[43] R. Doc. 17 at 10.
[44] R. Doc. 1-4 at 4 ¶ 17; R. Doc. 13 at 5-6 ¶ 17.

these letters implied that he had done something wrong and damaged his reputation and standing.[45]

Berenson's Second Amended Complaint adds some additional details to his original petition. The amended complaint states that Tulane's letters contained language "advising or implying that Berenson would no longer head, control, develop, grow or be the contact for collaborations with the Study."[46] Specifically, the letters allegedly stated that "another generation of Tulane investigators is now moving the study to the next level" and that collaborators should work through the Steering Committee rather than Berenson.[47] Berenson asserts that Tulane has continued to represent to colleagues that Berenson does not have access to the Bogalusa Heart Study.[48]

Berenson does not state a claim for defamation because he has not adequately pleaded that Tulane's statements were false. Although Berenson asserts that Tulane's letters implied he had done something wrong, he does not specify why the letters would have that implication. Nor does he explicitly allege that the implication was false. Berenson also fails to adequately allege that Tulane's other statements were false. The information in Tulane's

---

[45] *Id.*
[46] R. Doc. 13 at 13 ¶ 43.
[47] *Id.*
[48] *Id.* at 14 ¶ 44.

11

letters is consistent with Berenson's own factual allegations that Tulane replaced him as head of the Bogalusa Heart Study and prevented him from accessing study data.[49] While Berenson argues that Tulane acted wrongfully in curbing his involvement in the study, he has not indicated that Tulane's description of the current status of the study's management is inaccurate.

Berenson's Second Amended Complaint does assert that these "intentional and malicious, or alternatively negligent, statements were untrue and defamatory and/or carry or have carried false and defamatory implications about Dr. Berenson."[50] Yet these are legal conclusions without factual support, and the Court is not required to accept them as true. *See Iqbal,* 556 U.S. at 678. Berenson has therefore failed to state a cause of action for defamation, and the Court dismisses this claim.

### C. Tortious Interference with Employment Contract

Tulane moves to dismiss Berenson's claim for tortious interference with employment contract.[51] Berenson argues that his tortious interference claim should not be dismissed because the state court's denial of Tulane's

---

[49] R. Doc. 13 at 4-7.
[50] *Id.* at 14 ¶ 45.
[51] R. Doc. 9-1 at 10.

12

peremptory exception regarding the same claim should be considered the "law of the case" on this issue.[52]

The Court is not bound by the state court's denial of a peremptory exception. "[W]henever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed." *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988). The "district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders," including a state court's denial of a defendant's peremptory exception. *Louisiana v. Guidry*, 489 F.3d 692, 698 (5th Cir. 2007) (internal citation omitted); *see also Marshall v. Hunter,* 670 F. App'x 221, 222 (5th Cir. 2016) ("[T]he district court is free to reconsider an interlocutory decision upon removal.").

Berenson has not stated a claim for tortious interference with contract. In *9 to 5 Fashions, Inc. v. Spurney*, the Louisiana Supreme Court recognized a narrow cause of action for tortious interference with contract. 538 So. 2d 228, 229 (La. 1989). This claim requires five separate elements: "(1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3)

---

[52] R. Doc. 17 at 12.

the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer." *Id* at 234. A plaintiff must prove all five elements to prevail on his claim. *Oliver v. Orleans Parish School Bd.*, 133 So. 3d 38, 47 (La. App. 4 Cir. 2014).

Berenson primarily alleges that Tulane interfered with his employment contract with LSU, a third-party employer.[53] This claim cannot be maintained under current Louisiana law. In *Spurney,* the Louisiana Supreme Court recognized "only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between *his employer* and a third person." *Spurney,* 538 So. 2d at 234 (emphasis added). Berenson brings this suit against Tulane, and does not allege that any officer of LSU interfered with Berenson's contractual relationship with LSU.

Louisiana appellate courts have narrowly construed this cause of action and have declined to recognize tortious interference with contract claims outside the specific context of a corporate officer and a contract

---

[53] R. Doc. 13 at 12 ¶ 42.

involving that officer's own employer. *See Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.,* 689 F.3d 380, 395-96 (5th Cir. 2012) (recognizing limited nature of Louisiana's tortious interference with contract claim); *Gulf Engineering Co., LLC v. Kuhn,* 209 So. 3d 1029, 1033 (La. App. 5 Cir. 2016) (no cause of action because defendant was not a corporate officer); *Tolliver v. Broussard,* 155 So. 3d 137, 146 (La. App. 3 Cir. 2014) (affirming dismissal of claim because defendant was "not a corporate official whose employer has a contract" with intervenor); *Favrot v. Favrot,* 68 So. 3d 1099, 1111 (La. App. 4 Cir. 2011) (the Louisiana "Supreme Court recognized *only* a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person.") (internal citation omitted); *Durand v. McGaw,* 635 So. 2d 409, 410, 412 (La. App. 4 Cir. 1994) (where plaintiff and defendant employed by different firms, defendant had no duty to refrain from complaining about plaintiff to plaintiff's employer).

Berenson does not cite any Louisiana case, except for the state court's decision in this matter, recognizing a claim for tortious interference with contract based on a corporation's interference with an employment contract involving two third parties. Berenson has therefore not stated a claim for tortious interference with his contract with LSU.

15

To the extent that Berenson alleges that Tulane interfered with his employment contract with Tulane, he also fails to state a claim. Berenson brings this suit against Tulane as an entity and does not name any individual corporate officers as defendants. Louisiana state courts and federal courts applying Louisiana law have made clear that claims for tortious interference with contract cannot be maintained against corporate entity defendants. *See Petrohawk Properties, L.* 689 F.3d 380 at 395 (noting cause of action has not been extended to corporate entity defendants); *Technical Control Systems, Inc. v. Green,* 809 So. 2d 1204, 1209 (La. App. 3 Cir. 2002) (holding that tortious interference with contract "should not be expanded to include corporate entity defendants."); *see also Hi-Tech Elec., Inc. v. T&B Constr. and Elec. Serv., Inc.*, No. 15-3034, 2017 WL 615414, at *3 (E.D. La. Feb. 15, 2017); *Magnolia Fin. Grp. v. Antos*, No. 15-7144, 2016 WL 7407174, at *3 (E.D. La. Dec. 22, 2016); *Boudreaux v. OS Restaurant Services*, 58 F.Supp.3d 634, 638 (E.D. La. Sept. 30, 2014).

Berenson asserts that he stated claims for tortious interference with business relations and tortious interference with an economic advantage.[54] Tulane's motion to dismiss is directed only to Berenson's tortious interference with contract claim, which is the claim the Court rules on here.

---

[54] R. Doc. 17 at 12-15.

16

### D. Damages

Finally, Tulane moves to dismiss Berenson's claims for punitive damages as well as his claims for general and compensatory damages under the ADEA relating to pain and suffering, emotional distress, or anguish. Berenson acknowledges that he cannot recover general damages under the ADEA.[55] *See Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 591, 594 (5th Cir. 2017).

Berenson also concedes that he cannot recover punitive damages on any of his claims.[56] *See Vaughan*, 849 F.3d at 594 (punitive damages not available under the ADEA); *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002) ("In Louisiana, there is a general public policy against punitive damages" and punitive damages "are not allowable unless expressly authorized by statute."). Accordingly, the Court finds that Berenson is not entitled to general damages under the ADEA and is not entitled to punitive damages on any of his current claims. Berenson argues that he is entitled to liquidated damages and statutory penalties under the ADEA.[57] Tulane's motion to dismiss does not address statutory penalties or liquidated damages under the ADEA and that issue is not properly before the Court.

---

55 *Id.* at 11.
56 *Id.*
57 *Id.*

17

### E. Leave to Amend

Berenson has requested the opportunity to amend his complaint if Tulane's motion is granted.[58] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

After consideration of these factors, the Court denies leave to amend the state law age discrimination claim because that claim has already been dismissed with prejudice. The Court further denies leave to amend the defamation claim because Berenson has previously had the opportunity to amend and failed to cure deficiencies. The Court also denies leave to amend with regard to punitive and general damages because those claims are

---

[58] *Id.* at 15.

foreclosed by current law. The Court denies leave to amend the tortious interference with contract claim as it relates to Berenson's contract with LSU. The Court grants leave to amend the tortious interference with contract claim as it relates to Berenson's contract with Tulane.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's claims for age discrimination in violation of Louisiana law, defamation, general compensatory damages under the ADEA, and punitive damages are DISMISSED WITH PREJUDICE. Plaintiff's claim for tortious interference with his contract with LSU is also DISMISSED WITH PREJUDICE. Plaintiff's claim for tortious interference with his contract with Tulane is DISMISSED WITHOUT PREJUDICE. Plaintiff has 21 days to amend his complaint with regard to tortious interference with his contract with Tulane.

New Orleans, Louisiana, this __11th__ day of July, 2017

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE