UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD S. BERENSON | CIVIL ACTION |
| VERSUS | NO. 17-329 |
| THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND | SECTION "R" (2) |

## ORDER AND REASONS ON MOTION

This is a breach of contract action[1] in which plaintiff seeks damages and a declaratory judgment concerning the parties' rights to ownership and access to certain research data and materials following plaintiff's termination from defendant's employment on June 30, 2016. Plaintiff's motion to compel production in response to 20 requests for production served upon defendant is pending before me. Record Doc. No. 26. Defendant filed a timely opposition memorandum. Record Doc. No. 31. Plaintiff received leave to file a reply memorandum. Record Doc. Nos. 33, 35, 36. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART, DENIED IN PART AND DISMISSED WITHOUT PREJUDICE IN PART as follows.

After the substantial amendments to the Federal Rules of Civil Procedure that became effective on December 1, 2015, the scope of permissible discovery is now limited to "nonprivileged matter that is **[both]** relevant to any party's claim or defense **and**

---

[1] Plaintiff's age discrimination, tortious interference with employment and defamation claims have been dismissed. Record Doc. No. 24.

**proportional** to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Determining whether discovery is permissible because it is proportional to the needs of the case requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

As an initial matter, the court will ignore the "General Objections" asserted in defendant's responses. If defendant has a specific objection to a particular request, it must state the objection "with specificity." Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B); accord McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). Defendant's "General Objections" fail to comply with the specificity requirements of the applicable rules and only obfuscate and confuse both plaintiff and the court concerning what objections defendant is actually making, what information it has actually produced and whether a complete response has been made. "In every respect these objections are text-book examples of what federal courts have routinely deemed to be improper objections." St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citing Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections not sufficiently specific to allow court to ascertain objectionable character of discovery request); Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful

to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.")); accord Sream, Inc. v. Hassan Hakim & Sarwar, Inc., No. 16-CV-81600, 2017 WL 878704, at *2 (S.D. Fla. Mar. 6, 2017); Fischer v. Forrest, No. 14 CIV 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017); see also McLeod, 894 F.2d at 1485 (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.") (citation omitted); Liguria Foods, Inc. v. Griffith Labs., Inc., No. 14-3041-MWB, 2017 WL 976626, at *9 (N.D. Iowa Mar. 13, 2017) (citing St. Paul Reinsurance Co., 198 F.R.D. 512) (The same judge who wrote St. Paul Reinsurance Co. states that the law is unchanged in this regard, "[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity'" and "there is precedent too ample to cite . . . demonstrating the insufficiency of" boilerplate objections). All of defendant's general objections, except on the grounds of privilege, work product doctrine or Fed. R. Civ. P. 26(b)(3), are overruled. Plaintiff's discovery requests are subject to the limitations and protections of the Federal Rules of Civil Procedure–it is unnecessary for defendant to object generally on this basis. Defendant must provide a supplemental written response to plaintiff's interrogatories and requests for production of documents that deletes its "General Objections."

Defendant's particular objections to the 20 subject requests for production assert five (5) kinds of objections that can be addressed in a manner applicable to all requests as

to which these objections are made. First, defendant's prematurity objections (Requests Nos. 1, 2 and 3) are overruled. Defendant must respond to these requests by the deadline set herein as to all responsive materials it currently has in its possession, custody or control. As to responsive materials that might later come into its possession, custody or control, defendant must timely supplement as required by Fed. R. Civ. P. 26(e).

Second and third, all objections based on privilege or work product (Requests Nos. 17, 18 and 19) and proportionality (Requests Nos. 4, 8, 9, 10, 11, 12, 16 and 17) are specifically preserved and may be reasserted by defendant in the new written responses ordered herein. In addition, preservation of these objections at this time is subject to the following condition: (1) defendant must provide the privilege log required by Fed. R. Civ. P. 26(b)(5) by the deadline set herein; and (2) counsel for both parties must engage in the good faith in-person conference concerning proportionality ordered herein. This second condition is imposed because the parties have failed to provide the court with information needed to make the proportionality analysis, particularly as to the importance of some of the requested materials, the amount in controversy, the parties' relative access to the materials, and the burden, expense and likely benefit of the requests.

Fourth, defendant's objections that the requests are overly broad because they are not limited to a relevant time frame (Requests Nos. 4, 7 through 12, 16 and 20) are sustained. New responses to all requests as to which this objection has been asserted must be provided, but all such requests are hereby limited to the time period 2013 to the present,

which appears to be the time period relevant to plaintiff's claims. Record Doc. No. 13 (Second Amended Complaint at ¶¶ 12 through 18).

Fifth, defendant's objections to the production of responsive materials on grounds that they are confidential, commercially sensitive or proprietary materials are overruled. By separate order, Record Doc. No. 32, the court has ordered the parties to submit an appropriate protective that will adequately protect all such materials. Thus, all materials as to which defendant has asserted this objection must be produced subject to that protective order.

The foregoing rulings are hereby incorporated into the following rulings as to each particular request.

The motion is granted as to Requests for Production Nos. 1 and 2. All objections, except those addressed above (if applicable), are overruled. Defendant must provide new written responses to these requests clearly stating that <u>all</u> responsive materials currently in its possession, custody or control are being produced by the deadline set herein, subject to defendant's Rule 26(e) obligation to supplement.

The motion is denied as to Requests for Production Nos. 3 and 20. The objection that these requests are unreasonably cumulative or duplicative of Requests Nos. 1 and 11, Fed. R. Civ. P. 26(b)(2)(C)(i), is sustained.

The motion is granted in part and denied in part as to Request No. 4. The current request is overly broad. The motion is granted in that defendant must produce all requested

correspondence or communications concerning plaintiff's employment contract, termination and the four recent BHS-related grants that are the subject of the lawsuit, and must provide a new written response, without objection except as to privilege and proportionality, clearly stating that it has done so. The motion is denied insofar as it seeks production of a broader range of correspondence or communications.

The motion is granted in part and denied in part as to Requests for Production Nos. 5 and 6. It is granted only insofar as it seeks production of plaintiff's own personnel file or its equivalent concerning his employment by defendant and defendant must provide new written responses to these requests, without objection, as limited by the court, clearly stating that defendant has produced all materials responsive to these requests. The motion is denied insofar as these requests may seek production of the personnel files of other employees, which exceed both the relevance and proportionality components of the scope of permissible discovery.

The motion is granted as to Requests for Production Nos. 7, 14 and 15, limited to the time period set out above. All other objections are overruled. Defendant must provide new written responses to these requests, without objection, clearly stating that it has produced all materials responsive to these requests.

The motion is granted in part and denied in part as to Requests for Production Nos. 8, 9 and 10. The proportionality objection is expressly preserved. At this time, defendant must produce only responsive materials for the relevant time period set out

above and only insofar as they relate to plaintiff, his work or submissions and/or the four recent BHS-related grants that are the subject of the lawsuit. Defendant must provide new written responses, without objection except as to privilege, work product and proportionality, clearly stating that it has done so. The motion is denied insofar as it seeks production of a broader range of correspondence, communications and steering committee materials.

The motion is granted in part as to Requests Nos. 11, 12, 16 and 17, but defendant's proportionality and privilege objections are expressly preserved. At this time, defendant must produce only those materials identified in the second paragraphs of its written responses (although for the entire time period set out above) and provide new written responses and a privilege log, without objections except as to proportionality, work product and privilege, clearly stating that it has done so, pending the further proportionality discussion between the parties ordered herein.

The motion is granted as to Request for Production No. 13, limited to the time period set out above. All other objections, except as to privilege or work product, are overruled. Defendant must provide a new written response to this request, without objection except as to privilege or work product, clearly stating that it has produced all materials responsive to this request, and provide the required privilege log.

The motion is granted as to all non-privileged materials responsive to Requests for Production Nos. 18 and 19. All objections, except as to work product and privilege, are

overruled.  Defendant must provide new written responses to these requests, together with the required privilege log, clearly stating that it has produced all non-privileged materials responsive to these requests and make actual production of the requested materials.

Accordingly, IT IS ORDERED that, no later than **August 11, 2017**,

(1) defendant must provide all new written responses, together with the privilege log, required herein and make actual production of all responsive materials ordered herein; and

(2) counsel for both sides must confer in good faith and in person (not by email or letter) to discuss in detail all aspects of the proportionality evaluation concerning requests for production as to which proportionality objections have been asserted and attempt to resolve those objections.  Plaintiff's right to file a new motion to compel, limited to those requests as to which defendant asserts either the attorney-client privilege or work product protection and/or as to which proportionality is in dispute, with both parties specifically addressing, with evidence, if necessary, all proportionality considerations, is expressly preserved, if their dispute in this regard cannot be resolved. Informed by what they learn at the conference, the parties should have a better understanding about all proportionality considerations.  The court's decision concerning any subsequent motion and whether to permit discovery of additional materials would then also be informed by information developed at the conference between counsel.

Accordingly, plaintiff's motion to compel is DISMISSED WITHOUT PREJUDICE as to all requests for production as to which the court has preserved defendant's objections regarding proportionality, the attorney-client privilege and/or the work product doctrine.

New Orleans, Louisiana, this __28th__ day of July, 2017.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE