UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. GERALD S. BERENSON                    CIVIL ACTION

VERSUS                                     NO. 17-329

THE ADMINISTRATORS OF THE                 SECTION "R" (2)
TULANE UNIVERSITY
EDUCATIONAL FUND

## ORDER AND REASONS

Before the Court is plaintiff's motion for an expedited trial setting.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of a dispute over control of the Bogalusa Heart Study.[2] Plaintiff Dr. Gerald Berenson is a 94-year old doctor, scientist and professor.[3] Plaintiff brings suit against Defendant, the Administrators of the Tulane Educational Fund ("Tulane"),[4] for declaratory judgment and

---

[1] R. Doc. 19.
[2] R. Doc. 13. For a more extensive review of the factual and procedural history of this case, *see* R. Doc. 24.
[3] R. Doc. 13 at 2.
[4] Defendant was incorrectly designated as "The Administrators of the Tulane University Educational Fund." *See* R. Doc. 1.

1

damages.[5] Plaintiff requests, among other relief, a declaration that he is entitled to access Bogalusa Heart Study related data to conduct his research.[6] Plaintiff also brings claims under Louisiana state law and the federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et. seq.*[7]

On March 2, 2017, the Court held a preliminary conference with counsel for both parties and set this matter for trial to begin on January 29, 2018.[8] This was the first available date for trial and neither party expressed an objection to this schedule during the preliminary conference.[9] Plaintiff now moves for an expedited trial setting.[10] Defendant opposes this motion.[11]

## II. LEGAL STANDARD

The Court has discretion to "determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action" for good cause. 28 U.S.C. § 1657(a). Good cause is shown under § 1657 "if a right under the Constitution of the United States

---

[5] R. Doc. 13.
[6] *Id.* at 20.
[7] *Id.* at 1-21. On July 11, 2017, the Court dismissed plaintiff's state law claims for age discrimination, defamation, and tortious interference with employment contract. *See* R. Doc. 24.
[8] R. Doc. 18 at 3.
[9] R. Doc. 20 at 3; R. Doc. 23 at 3.
[10] R. Doc. 19.
[11] R. Doc. 20.

or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit."

Federal Rule of Civil Procedure 16(b) further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In making scheduling decisions, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000); *see also Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010).

### III. DISCUSSION

Plaintiff argues that an expedited trial setting is warranted because he is 94 years old and Tulane is preventing him from conducting his research and continuing his career during his remaining projected life span.[12] Defendant argues that plaintiff has failed to demonstrate any change in his circumstances since the trial date was agreed upon at the preliminary conference.[13] In addition, defendant contends that it would be unfair to

---

[12]  R. Doc. 19 at 1; R. Doc. 23 at 2.
[13]  R. Doc. 20 at 5, 8.

3

expedite trial because discovery remains in its early stages and potential witnesses have already planned their schedules around the January 2018 trial date.[14]

The Court finds that plaintiff has not shown good cause to expedite trial in this matter. At the preliminary conference, the parties were given the first available trial date on the Court's calendar. Although plaintiff argues that an expedited trial is warranted because of his advanced age, he does not indicate that he is currently in poor health or that his age will impair his ability to present his case at trial.[15] *Cf. Wakefield v. Glob. Fin. Private Capital, LLC.*, No. 15-451, 2015 WL 12699870, at *2-3 (S.D. Cal. Sept. 17, 2015) (ordering a new scheduling order with a preferential trial date because plaintiff's advanced age and deteriorating health might prevent her from testifying at trial). Nor does plaintiff's health depend on the outcome of this case. *Cf. Davis v. Selectcare, Inc.*, 834 F. Supp. 197, 198 (S.D. Mich. 1993) (noting that trial was expedited to determine whether health insurance policy was required to cover treatment for plaintiff's cancer).

---

14      *Id.* at 8-9.
15      Plaintiff also contends that he would be entitled to a preferential trial setting in Louisiana state court because he is over 70 years old. *See* La. Code Civ. Pro. art. 1573; R. Doc. 19-1 at 6. But Louisiana state rules of civil procedure do not apply in federal court.

Plaintiff instead argues that he needs prompt judicial relief to enable him to continue his research.[16] Many litigants have compelling reasons to desire a speedy remedy, however, and the Court's schedule does not permit expedited consideration of all these cases. *See Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 72 (D.D.C. 2015) (finding that plaintiffs' interest in prompt resolution of the litigation did not constitute good cause to expedite trial, where plaintiffs were all at least 60 years old and some were in poor health). Accordingly, the Court will not expedite trial in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion.

New Orleans, Louisiana, this __14th__ day of August, 2017

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16] R. Doc. 23 at 1-2.