UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD S. BERENSON | CIVIL ACTION |
| VERSUS | NO. 17-329 |
| THE ADMINISTRATORS OF THE TULANE UNIVERSITY EDUCATIONAL FUND | SECTION "R"(2) |

## ORDER AND REASONS ON MOTION

Plaintiff's motion to compel discovery responses and production, Record Doc. No. 57, is pending before me. Specifically, Berenson seeks additional responses and/or document production as to his Interrogatories Nos. 8, 11, 15 and 21 and Requests for Production (hereinafter "Requests") Nos. 15, 17, 18, 19, 27, 33, 34, 35, 43, 44, 45, 46, 47 and 48 of his second set of discovery requests, and Requests Nos. 45, 48, 49, 50 and 51 of his third set. In addition, plaintiff seeks an order requiring defendant to produce all documents listed on its privilege logs or, alternatively, in camera review by the court of these materials. Record Doc. No. 57-1 at p.16. Defendant filed a timely opposition memorandum. Record Doc. No. 65. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART as follows.

As an initial matter, defendant's objections to the four interrogatories and 21 requests for production assert two (2) kinds of objections that can be addressed in a manner applicable to all requests as to which these objections are made. First, defendant's objections that the interrogatories and/or requests are overly broad because they are not

limited to the relevant time frame previously established by the court, 2013 to the present, Record Doc. No. 38 at pp. 4-5, are sustained. All new responses ordered herein are limited to the time period 2013 to present.

Second, defendant's objections to production of responsive materials on grounds that they are confidential, commercially sensitive or proprietary materials are overruled, but only in that I find that the protective order previously entered in this case, Record Doc. No. 37, is sufficient to protect defendant's confidentiality interests, and all materials as to which those objections have been asserted must be produced, subject to the protective order.

In addition, weighing the proportionality considerations in this instance, I find that much of the disputed, broad-ranging discovery sought by Berenson; for example, concerning requests for all names of various personnel and their employment files, informed consent forms and financial information beyond what relates to the claims and defenses at issue in this case, is <u>not</u> proportional or relevant to the needs of this case. After the substantial amendments to the Federal Rules of Civil Procedure that became effective on December 1, 2015, the scope of permissible discovery is now limited to "nonprivileged matter that is **[both]** relevant to any party's claim or defense **and proportional** to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Determining whether the requested discovery is permissible because it is proportional to the needs of the case requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense

of the proposed discovery outweighs its likely benefit." Id. The burden and expense of the proposed broad-ranging discovery outweighs its likely benefit, given that the only claims that remain in this case are plaintiff's breach of contract, Louisiana Discrimination in Employment Act, Federal Age Discrimination in Employment Act of 1967, interference with employment and defamation claims. Record Doc. No. 24.

Applying the foregoing general standards, the court addresses the individual discovery requests as follows.

(A)  INTERROGATORIES

The motion is granted in part and denied in part as to Interrogatories Nos. 8 and 11. The requested information concerning research professors "terminated or laid off . . ., or separated from Tulane" must be provided, subject to the previously entered protective order. All objections are overruled, with the exception of temporal scope objections. The motion is denied insofar as it seeks information outside the relevant time period, previously defined by the court as 2013 to present.

The motion is denied as to Interrogatory No. 15. Although all objections, except as to work product and privilege, are overruled, the responsive information provided subject to these objections in accordance with Fed. R. Civ. P. 33(d), coupled with the privilege logs, is sufficient.

The motion is denied as to Interrogatory No. 21, which exceeds the proportionality limits of Rule 26(b)(1) and seeks much that is not relevant to claims or defenses in this case. All objections are sustained.

(B) REQUESTS FOR PRODUCTION

The motion is granted in part and denied in part as to Request No. 15 of plaintiff's second set of discovery requests. Although the attorney-client privilege and work-product objections may be well founded, the current responses are evasive and incomplete. Fed. R. Civ. P. 37(a)(4). Plaintiff must provide new written responses to these requests, removing the convoluted, circular cross-references to previously produced documents and other written responses and clearly stating either that all non-privileged, non-work product materials in its possession, custody or control have been produced, together with actual production, or that it has no responsive materials in its possession, custody or control, limited to the relevant time period previously established by the court. To eliminate the confusion and uncertainty arising from defendant's convoluted current responses, IT IS ORDERED that each separate written response must also identify by Bates stamp number or other identifier all responsive materials being produced in response to this particular request.

The motion is granted in part as to Request No. 17 of plaintiff's second set of discovery requests. The request is overly broad in its reference to "any allegations by Dr. Berenson" and is hereby limited to plaintiff's allegations concerning his claims remaining in this case. Defendant must provide a new written response to this request, removing the convoluted, circular cross-references to previously produced documents and clearly stating either that all non-privileged, non-work product materials in its possession, custody or control have been produced, together with actual production, or that it has no non-

privileged, <u>non</u>-work product responsive materials in its possession, custody or control, all limited to the relevant time period as provided above and as previously established by the court. The motion is denied insofar as it seeks a broader range of responsive materials.

The motion is denied as to Requests Nos. 18, 19, 27, 33, 34, 35, 43, 44, 45 and 46 of plaintiff's second set of discovery requests and Request No. 45 of plaintiff's third set of discovery requests, which seek materials that are neither relevant nor proportional to the claims or defenses in this case. All objections are sustained.

The motion is granted in part and denied in part as to Requests Nos. 47 and 48 of plaintiff's second set of discovery requests and Requests Nos. 48, 49, 50 and 51 of plaintiff's third set of discovery requests. The motion is granted insofar as it relates only to the personnel and employment files of research professors in the Department of Epidemiology of Tulane's School of Public Health and Tropical Medicine who share or shared the same responsibilities and supervisors, including Dr. Pierre Buekens and Dr. Jiang He, as Dr. Berenson from 2013 to present and/or were principal investigators on Bogalusa Heart Study grants from 2013 to present. All such produced materials are subject to the protective order previously entered by the court. Record Doc. No. 37. Before producing any such employment files, defendant must redact all personal data identifiers of the employees of the type set out in Fed. R. Civ. P. 5.2 and remove from production materials that are <u>not</u> related to the employees' job functions or performance; for example, health insurance information, personal, family or health-related leave information. The

motion is denied insofar as it seeks a broader range of materials or information, and all objections are sustained.

(C)  SUPPLEMENTATION

Throughout its written responses, defendant has stated that its reserves the right timely to supplement and/or amend its written responses at issue. This response misapprehends Fed. R. Civ. P. 26(e), which imposes an obligation to supplement, not a discretionary right, and indicates that defendant may well have additional responsive information or materials that it has not yet located or provided. Accordingly, pursuant to Fed. R. Civ. P. 26(e)(1)(B), IT IS ORDERED that defendant must complete its search for all additional responsive information and/or materials and fully supplement its previous written responses and/or production no later than December 27, 2017.

(D)  PRIVILEGE LOG MATERIALS

The motion is granted in part and denied in part as to plaintiff's request that the court order Tulane to make "production of all requested documents . . . listed on Tulane's privilege logs . . . ." Record Doc. No. 57-1 at p. 3 (emphasis added). The motion is granted in part as to the 65 documents marked "Confidential Intellectual Property," all of which must be produced subject to the protective order already in place in this case, Record Doc. No. 37, as noted above.

The motion is denied, at least at this time, as to the 142 documents marked "A/C" (attorney-client privilege) or "W/P" (work product). The four privilege logs produced by defendant, Record Doc. Nos. 57-3, 57-8, 57-9 and 57-10, adequately describe and identify

- 6 -

sources of these materials. Many of the listed documents appear on the face of the descriptions clearly to be privileged attorney-client communications and/or work product documents. It is not obvious from the privilege log alone, however, that others are protected by the attorney-client privilege or work product doctrines. For two reasons, it is impossible on the current for the court to determine this request.

First, plaintiff makes a blanket, conclusory request for production of <u>all</u> logged materials without any explanation as to why or how particular items; for example, materials authored by or provided directly to defendant's counsel of record, are not protected. Second, the current record provides only the unsubstantiated argument of counsel and provides no <u>evidence</u> required to decide this part of the motion. Without evidence, in camera inspection alone will not enable determination of these objections.

A party withholding materials from discovery, defendant in this instance, bears the burden of <u>proof</u> to demonstrate the existence of any privilege or work product protection in the materials. <u>United States v. Newell</u>, 315 F.3d 510, 525 (5th Cir. 2002); <u>In re Santa Fe Int'l Corp.</u>, 272 F.3d 705, 710 (5th Cir. 2011); <u>Ingraham v. Planet Beach Franchising Corp.</u>, No. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (Berrigan, J.) (citing <u>Hodges, Grant & Kaufmann v. United States</u>, 768 F.2d 719, 721 (5th Cir. 1985)); <u>Kiln Underwriting Ltd. v. Jesuit High Sch.</u>, No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (Roby. M.J.) (citing <u>Hodges</u>, 768 F.2d at 721); <u>United States v. Impastato</u>, No. 05-325, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (Duval, J.) (citing <u>United</u>

States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985). As one leading commentator has succinctly explained the procedure,

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, <u>the proponent must substantiate all actual assertions</u> about the claim. This is usually done through <u>supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs</u>, discovery responses, pleadings and other undisputed facts. . . . To the extent that <u>evidentiary support for the factual basis of the privilege is not forthcoming</u>, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

Paul R. Rice, <u>Attorney-Client Privilege in the United States</u> § 11:10 at 977-80 (Lawyers Coop. 1993) (emphasis added).

On the other hand, the party seeking discovery of materials as to which these objections have been made bears the burden of proving vitiating elements establishing that the materials are nevertheless discoverable; for example, substantial need, undue hardship and inability to obtain the substantial equivalent as to work product, Fed. R. Civ. P. 26(b)(3)(A)(ii). See <u>Hunkin v. Cooper/T. Smith Stevedoring Co.</u>, No. 08-456, 2010 WL 93856, at *2 (W.D. La. Jan. 7, 2010) (citing Fed. R. Civ. P. 26(b)(3); <u>Hodges</u>, 768 F.2d at 721; <u>In re Int'l Sys. & Controls Corp. Secs. Litig.</u>, 693 F.2d 1235, 1240 (5th Cir. 1982)); <u>In re Blessey Enters., Inc.</u>, 2009 WL 5915367 (M.D. La. Dec. 7, 2009), <u>aff'd</u>, 2010 WL 610669 (M.D. La. Feb. 19, 2010); <u>Canamar v. McMillin Tex. Mgmt. Servs.</u>

LLC, No. SA08-CV-0516, 2009 WL 2175105, at *1-2 (W.D. Tex. July 17, 2009) (citing Hodges, 768 F.2d at 721); Impastato, 2007 WL 2463310, at *2 (citing In re Santa Fe Int'l Corp., 272 F.3d at 710).

Accordingly, **IT IS ORDERED** that no later than **December 27, 2017,** (1) counsel must confer, in person, and attempt to resolve and/or narrow their dispute concerning the logged documents being withheld on privilege or work product grounds, including for example by eliminating from their dispute those materials that on the face of the descriptions already provided qualify for protection; and (2) defendant must provide plaintiff with evidence, in the form of affidavits, deposition excerpts or otherwise, suitable for later filing in the record, if necessary, and sufficient to establish the essential elements of its privilege and/or work product (e.g., as to privilege, confidential communication for the purpose of giving or obtaining legal advice; as to work product, trial preparation or anticipation of litigation as primary motivating factor). Thereafter, a new motion concerning a narrowed list of particularly identified materials that the court might reasonably be requested to review in camera, accompanied by all evidence necessary to decide it, may be filed.

(E)     ATTORNEY'S FEES AND COSTS

Plaintiff's motion is denied insofar as it seeks an award of attorney's fees and costs incurred in connection with this motion. The motion has been granted in part and denied

in part. Under these circumstances, I find that a just apportionment of expenses is that each party should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

*  *  *  *  *

All additional interrogatory answers and written responses to requests for production, together with actual production of additional responsive materials, if any, ordered herein must be provided by defendant to plaintiff no later than December 27, 2017.

New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of December, 2017.

JOSEPH C. WILKINSON, JR.  
UNITED STATES MAGISTRATE JUDGE